THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFEAL WALTERS, Appellant. [860 NYS2d 710]—

Appeal from a judgment of the Monroe County Court (Patri-

cia D. Marks, J.), rendered October 13, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). As the People correctly concede, the record establishes that defendant did not validly waive his right to appeal. County Court's single inquiry at sentencing concerning defendant's right to appeal was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]; *see People v Van Every*, 1 AD3d 977, 978 [2003], *lv denied* 1 NY3d 602 [2004]). Even assuming, arguendo, that the statement of defendant during the plea colloquy wherein he agreed to give up his right "to challenge any evidence as illegally seized" does not encompass his present challenge to the court's suppression ruling, we conclude that defendant's challenge lacks merit. We conclude that the court properly refused to suppress the physical evidence seized during the search of the vehicle in which defendant was a passenger. The police officer's testimony at the suppression hearing does not have "all appearances of having been patently tailored to nullify constitutional objections" (*People v Garafolo*, 44 AD2d 86, 88 [1974]), and was "not so 'inherently incredible' or 'improbable' as to warrant disturbing the . . . court's determination of credibility" (*People v Garcia*, 207 AD2d 664, *lv denied* 84 NY2d 1031 [1995]). Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.