THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEKIA COLEMAN, Appellant. [870 NYS2d 180]

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, the record of the suppression hearing supports Supreme Court's determination that defendant voluntarily waived his *Miranda* rights by "cooperating with his . . . interrogation" (*People v Sirno*, 76 NY2d 967, 968 [1990]; *see People v Gill*, 20 AD3d 434 [2005]). Thus, the court properly refused to suppress physical evidence seized from defendant's residence as the alleged fruit of the poisonous tree (*see generally People v Watts*,

309 AD2d 1256, 1257 [2003], *lv denied* 1 NY3d 582 [2003]; *People v Cline*, 192 AD2d 957, 957-958 [1993], *lv denied* 81 NY2d 1071 [1993]). We reject defendant's further contention that the testimony of the People's witnesses at the suppression hearing was not credible and thus that the court erred in determining that the stop of defendant's car was lawful. The court's credibility determination is entitled to great deference (*see People v Edwards*, 55 AD3d 1337 [2008]), and we conclude that the testimony "was not so inherently incredible or improbable as to warrant disturbing the . . . court's determination of credibility" (*People v Walters*, 52 AD3d 1273, 1274 [2008], *lv denied* 11 NY3d 795 [2008] [internal quotation marks omitted]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.