# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**246**
**KA 11-00967**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

DANA M. HOLLEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 9, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress his statements and certain evidence seized from his person when he was stopped and searched by a Rochester police officer. Specifically, defendant contends that the officer's testimony at the suppression hearing was incredible, and, thus, the court's determination that the officer had reasonable suspicion to believe that he had committed a crime is not supported by the evidence. We reject defendant's contention.

The officer testified at the suppression hearing that she heard shots fired, then observed defendant fire a handgun at a moving vehicle. She stopped defendant and recovered a semi-automatic handgun from his pocket. It is well settled that a hearing "court's credibility determination is entitled to great deference" (*People v Coleman*, 57 AD3d 1519, 1520, *lv denied* 12 NY3d 782; *see generally People v Prochilo*, 41 NY2d 759, 761), and we conclude that "[t]he police officer's testimony at the suppression hearing does not have all appearances of having been patently tailored to nullify constitutional objections . . . , and was not so inherently incredible

or improbable as to warrant disturbing the . . . court's determination of credibility" (*People v Walters*, 52 AD3d 1273, 1274, *lv denied* 11 NY3d 795 [internal quotation marks omitted]).  We therefore see no basis in the record for disturbing the court's finding that the officer had reasonable suspicion to stop and search defendant, or its ultimate suppression ruling.

Entered:  March 27, 2015                               Frances E. Cafarell
                                                      Clerk of the Court