# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**997**
**KA 13-02158**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES KNIGHTON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E.
Fahey, J.), rendered September 23, 2013. The judgment convicted
defendant, upon his plea of guilty, of criminal possession of
marihuana in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment
convicting him upon his plea of guilty of criminal possession of
marihuana in the third degree (Penal Law § 221.20) and, in appeal No.
2, defendant appeals from a judgment convicting him upon his plea of
guilty of criminal possession of a controlled substance in the third
degree (§ 220.16 [1]). The pleas were entered during one plea
proceeding, following the decision of County Court to deny suppression
concerning all of the charges after a hearing. We reject defendant's
contention that the testimony of the police officers at the
suppression hearing was tailored to nullify constitutional objections
and was incredible as a matter of law (*see People v Holley*, 126 AD3d
1468, 1469, *lv denied* 27 NY3d 965; *People v James*, 19 AD3d 617, 618,
*lv denied* 5 NY3d 829). "Questions of credibility are primarily for
the suppression court to determine and its findings will be upheld
unless clearly erroneous" (*People v Squier*, 197 AD2d 895, 895, *lv
denied* 82 NY2d 904; *see generally People v Prochilo*, 41 NY2d 759,
761). "Nothing about the officer[s'] testimony was unbelievable as a
matter of law, manifestly untrue, physically impossible, contrary to
experience, or self-contradictory" (*James*, 19 AD3d at 618). We
therefore discern no basis in the record for disturbing the court's
finding that probable cause existed for the traffic stops (*see People
v Williams*, 132 AD3d 1155, 1155-1156, *lv denied* 27 NY3d 1157; *People v
Hale*, 130 AD3d 1540, 1540, *lv denied* 26 NY3d 1088, *reconsideration*

*denied* 27 NY3d 998; *People v Mack*, 114 AD3d 1282, 1282, *lv denied* 22 NY3d 1200).

Entered: November 10, 2016             Frances E. Cafarell
Clerk of the Court