People v Jemison (2018 NY Slip Op 00997)





People v Jemison


2018 NY Slip Op 00997


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


173 KA 16-00798

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONDELL JEMISON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered April 11, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress a handgun seized by police officers after a search of the vehicle in which he was a passenger and his subsequent statements to the police. Specifically, defendant contends that the court erred in determining that the officers had probable cause to search the vehicle inasmuch as the officers' testimony at the suppression hearing was incredible. We reject defendant's contention.
At the suppression hearing, two officers testified that they were riding together in a patrol car when they observed a parked vehicle that was blocking a portion of a driveway, which constitutes a parking violation. The vehicle was running and had partially opened windows. When the officers approached, they smelled the odor of freshly burnt marihuana emanating from the vehicle. As defendant correctly concedes, the " odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants' " (People v Hogan, 136 AD3d 1399, 1399 [4th Dept 2016], lv denied 27 NY3d 1070 [2016]). One of the officers asked whether anyone had been smoking marihuana, and defendant answered that he had been doing so, and that the marihuana was located in the center console of the vehicle. The officers testified that, upon searching the vehicle they found a loaded semi-automatic handgun in a gym bag located in the vehicle's trunk. Upon realizing that the gun had been recovered by the police, defendant spontaneously admitted that the gun belonged to him.
It is well settled that, when reviewing a ruling after a suppression hearing, "[t]he court's credibility determination is entitled to great deference" (People v Coleman, 57 AD3d 1519, 1520 [4th Dept 2008], lv denied 12 NY3d 782 [2009]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). Here, we conclude that "[t]he police officer[s'] testimony at the suppression hearing does not have all appearances of having been patently tailored to nullify constitutional objections . . . , and was not so inherently incredible or improbable as to warrant disturbing the . . . court's determination of credibility" (People v Walters, 52 AD3d 1273, 1274 [4th Dept 2008], lv denied 11 NY3d 795 [2008] [internal quotation marks omitted]). We therefore find no basis in the record for disturbing the court's determination that the officers had probable cause to search the vehicle (see People v Ricks, 145 AD3d 1610, 1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court