People v Wilmet (2018 NY Slip Op 03295)





People v Wilmet


2018 NY Slip Op 03295


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


617 KA 14-02100

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER WILMET, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered November 18, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that County Court erred in refusing to suppress a pair of metal knuckles. We reject that contention. The police responded to a 911 call of a domestic dispute at an apartment that defendant shared with his girlfriend. While inside the apartment, a police officer observed a marihuana pipe in plain view, and defendant claimed ownership of it. Based on defendant's admission, the police arrested defendant for unlawful possession of marihuana and, during the search incident to arrest, the police found the metal knuckles in defendant's pants pocket, leading to his arrest for criminal possession of a weapon in the third degree.
Defendant contends that the police officer's testimony that he observed the marihuana pipe in plain view was not credible, and that police officers conducted an unlawful warrantless search of the apartment when they rummaged through his bedroom looking for contraband without consent. It is well settled, however, "that great deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its factual findings should not be disturbed unless clearly erroneous" (People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016]; see People v Prochilo, 41 NY2d 759, 761 [1977]).
Here, the court's determination that the police officer observed the pipe in plain view "was based solely upon the credibility of the witnesses at the suppression hearing" (People v Esquerdo, 71 AD3d 1424, 1424 [4th Dept 2010], lv denied 14 NY3d 887 [2010]), and the officer's testimony in that regard "was not so inherently incredible or improbable as to warrant disturbing the . . . court's determination of credibility" (People v Walters, 52 AD3d 1273, 1274 [4th Dept 2008], lv denied 11 NY3d 795 [2008] [internal quotation marks omitted]).
Finally, contrary to defendant's remaining contention, the court's Sandoval ruling did not constitute an abuse of discretion (see People v Taylor, 140 AD3d 1738, 1739 [4th Dept 2016]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court