People v Rucker (2018 NY Slip Op 06676)





People v Rucker


2018 NY Slip Op 06676


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1054 KA 16-00677

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARYL RUCKER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.
DARYL RUCKER, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered January 5, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that County Court erred in refusing to suppress tangible evidence and statements obtained as a result of the warrantless entry of the police into his residence. We reject that contention. The police were justified in entering the residence based on exigent circumstances, i.e., the statements of defendant's fiancée that she needed help and that defendant, who was inside the residence, had her infant child (see Georgia v Randolph, 547 US 103, 118-119 [2006]; People v Molnar, 98 NY2d 328, 332-333 [2002]; People v Parker, 299 AD2d 859, 860 [4th Dept 2002]).
We reject defendant's further contention that the testimony of a police officer at the suppression hearing was tailored to nullify constitutional objections and was incredible as a matter of law (see People v Knighton, 144 AD3d 1594, 1594 [4th Dept 2016], lv denied 28 NY3d 1147 [2017]; People v Holley, 126 AD3d 1468, 1469 [4th Dept 2015], lv denied 27 NY3d 965 [2016]). "Nothing about the officer['s] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory," and we therefore discern no basis in the record to disturb the suppression court's decision to credit the officer's testimony (Knighton, 144 AD3d at 1594-1595 [internal quotation marks omitted]; see People v Wilmet, 161 AD3d 1587, 1587-1588 [4th Dept 2018], lv denied — NY3d — [Aug. 9, 2018]; People v Walters, 52 AD3d 1273, 1274 [4th Dept 2008], lv denied 11 NY3d 795 [2008]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court